IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA TINSLEY,

       Plaintiff,

vs.                               No. CV 21-00033 RB/SCY

GREYHOUND LINES, INC.

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Complaint for a Civil Case filed by Plaintiff Joshua Tinsley. (Docs. 1; 3.) The Court will dismiss the Complaint for lack of federal subject matter jurisdiction.[1]

## I.    Factual and Procedural Background

Tinsley filed his Complaint on January 12, 2021. (Doc. 1.) Tinsley failed to sign his Complaint. He remedied this omission by re-filing the Complaint including his signature on January 29, 2021. (Doc. 3.) Tinsley is a prisoner incarcerated at F.C.C. Yazoo. (Docs. 1 at 1; 3 at 1.) Tinsley names Greyhound Lines, Inc. as the sole Defendant. (Docs. 1 at 1, 2; 3 at 1, 2.) Tinsley alleges that "[o]n May 30, 2018, the defendants violated the plaintiff's 4th, 5th, and 14th amendment rights. Greyhound violated plaintiff's due process rights by providing information to the Drug

---

[1] The Court notes that, even assuming proper jurisdiction, the claims in this case still would be subject to dismissal for failure to state a claim for § 1983 relief under Fed. R. Civ. P. 12(b)(6). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (action under color of law is both a jurisdictional prerequisite and an element of a § 1983 claim)).

Enforcement Agency (DEA), which resulted in an unwanted and unwarranted seizure." (Docs. 1 at 4; 3 at 4.) Tinsley seeks damages in the amount of $2,000,000. (Docs. 1 at 5; 3 at 5.)

## II.     Action Under Color of Law is a Jurisdictional Prerequisite for a § 1983 Action

Tinsley claims violation of his Fourth, Fifth, and Fourteenth Amendment constitutional rights. (Docs. 1 at 4; 3 at 4). He bases jurisdiction in this Court on 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Under Section 1983, liability attaches only to conduct occurring "under color of law." Thus, the only proper defendants in a Section 1983 claim are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Accordingly, the conduct that constitutes state action under the Fourth and Fourteenth Amendments necessarily constitutes conduct "under color of law" pursuant to Section 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). A person acts under color of state law only when exercising

power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981).

A showing that defendants were acting "under color of state law" is a jurisdictional prerequisite for a § 1983 action. *Id.* at 315. The only proper defendants in a § 1983 claim are state officials. *Gallagher*, 49 F.3d at 1447. To establish subject matter jurisdiction for a civil rights action, the plaintiff must show that the defendant acted under color of state law. *See* 28 U.S.C. § 1343(3).

### III.   Plaintiff Does Not Allege Action Under Color of Law

The only Defendant named in this action is Greyhound Lines, Inc., a private corporation. Tinsley does not claim that Greyhound Lines is a government official, nor does he allege that Greyhound Lines acted under color of any state law. Instead, he appears to claim that Greyhound Lines violated his rights by cooperating with a law enforcement agency. (Docs. 1 at 4; 3 at 4). In the absence of any allegation that Greyhound Lines is a government official acting under color of state law, it is not a proper party, and the Complaint fails to establish § 1983 jurisdiction. *See Polk Cnty.,* 454 U.S. at 315; *Gallagher,* 49 F.3d at 1447.

The Court notes that Tinsley is a prisoner in federal custody. Although he does not allege federal action by Greyhound Lines, he may be trying to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is a judicially created remedy against federal officials comparable to the cause of action against state officials under Section 1983. The courts have recognized that there is no basis for distinguishing the statutory cause of action against state officers under § 1983 and the judicially-devised *Bivens* cause of action against federal officials. *See, e.g.*, *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). Because Greyhound Lines is a private company that does not act under color of federal

3

law, there is no jurisdiction based on *Bivens* in this case. The Court lacks federal subject matter jurisdiction and will dismiss the Complaint. *See Polk Cnty.*, 454 U.S. at 315; *Gallagher*, 49 F.3d at 1447.

      **THEREFORE,**

      **IT IS ORDERED** that Plaintiff Joshua Tinsley's Complaint for a Civil Case (Docs. 1; 3) is **DISMISSED** for lack of subject matter jurisdiction.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE